## SUPREME COURT.

WHITE, Receiver &c. agt. BENNETT AND TARBELL.

Where a complaint is served without verification, and the answer, denying the material allegations of the complaint, but setting up no new matter, is also served without verification, the plaintiff can not subsequently, on an affidavit of verification of the complaint merely, move to strike out the answer as false.

To protect himself against a false answer, denying his allegations, he must assert them under oath.

*It seems,* that on a motion to strike out an answer as false, it must be shown affirmatively by affidavit, other than an affidavit of verification of the complaint, that the answer is false.

*Albany Special Term, June* 1852. This action was brought upon several notes of which the defendant Bennett was alleged to be the maker, and the defendant Tarbell, endorser. Copies of the complaint, purporting to have been verified, were served on the defendants on the 27th of May. The complaint had not, in fact, been verified. On the 29th of May the defendants served their answer without a verification. On the 2d of June the plaintiff verified the complaint and his attorney served on the defendants' attorneys a copy of the verification, with notice of a motion to strike out the answer as false and unverified. The answer denies the execution of the notes by the defendants, and also deny that they were duly protested, but states no new matter.

W. BARNES, *for Plaintiff.*

N. G. KING, *for Defendants.*

HARRIS, Justice.—When the complaint was served on the 27th of May, it had not, in fact, been verified by the plaintiff, and of

course, the defendants were not bound to verify their answer. The plaintiff's attorney now insists that by his subsequent verification of the complaint, he has shown the answer to be *false*, and that, therefore, he is entitled to judgment. But there are several reasons why the motion can not be granted.

The plaintiff's counsel supposes that, having shown the answer to be untrue, it must be stricken out as a *sham answer or defence;* and he relies upon the case of Mier vs. Cartledge (2 *Code Rep.* 125), as an authority sustaining this position. The views expressed by the learned judge who delivered the judgment of the court in that case, do certainly go the length of holding that an answer, though it merely deny the allegations of the complaint, may be stricken out as *false.* Whatever my own views of the question, I should feel bound by the opinion thus expressed, at a general term, were it not that it appears from the report of the case, that the point was not, in fact, before the court. The case was decided upon a different question. The answer in that case was, in fact, verified as required by the Code. The plaintiff undertook to satisfy the court that, notwithstanding such verification, the answer was false. In this, at the special term, he succeeded; but, upon appeal, the decision was, very properly, reversed by the same judge who had heard the motion at special term, on the ground that, when a pleading is duly verified, a motion to strike it out, *as false*, can not be entertained. This is the extent to which that case is to be regarded as authority.

By the 152d section of the Code, sham answers or defences are to be stricken out, on motion. The section but adopts the old practice in this respect. Sham pleadings, by which I understand those which are fictitious or imaginary, devised by the ingenuity of the pleader without regard to the facts really existing in the case, have always been stricken out, on motion. But this practice has never been applied to a pleading which, without alleging any new matter, merely denies some allegation in the pleading which it purports to answer. Such a pleading can not, in the sense in which the term is used, be regarded as a *sham pleading* (see Darrow agt. Miller, 5 *How. Pr. R.* 247). In the case last cited, Mr. Justice SILL has very clearly distinguished between the office of the 152d section of the Code, which

relates to *sham* pleadings, and the 247th section, relating to *frivolous* pleadings.

There is less reason for extending the practice in respect to sham answers to those which merely put in issue the allegations of the complaint *now*, than there was under *the former practice. Then*, as there was no mode of compelling the defendant to verify his answer, he might always put the plaintiff to the proof of his allegations. But *now*, the plaintiff has it in his power to secure an answer upon oath, and if he is subjected to the delay or inconvenience of an answer denying facts which could not be denied under oath, he alone is in fault. When he has omitted this precaution, I do not think he ought to be heard, on motion, to question the good faith of the pleading which merely denies the truth of what he has asserted.

But again, the plaintiff has made no affidavit showing affirmatively that the answer is false. The affidavit simply verifies the complaint in the manner prescribed by the Code, and upon this affidavit, the plaintiff's counsel seeks to have it inferred by the court that the answer which puts in issue some of the facts thus verified, must be false. This may be very plausible as an argument, but it would certainly be novel in practice. The logical inference may be very correct, but the practical result of such a rule would be very inconvenient. The motion must be denied with costs, but the plaintiff may have leave, if he think fit, upon the payment of the costs of the motion, to serve an amended complaint, duly verified, within ten days, which the defendants will be required to answer in the usual time.